THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department
 of Social Services, Respondent,
 
 
 
 

v.

 
 
 
 J.W., J.F.,
 John Doe, Defendants,
 Of whom J.W. is
 the Appellant.
 In the interest of a minor child under the age of 18. 
 
 
 

Appeal From Oconee County
Timothy M. Cain, Family Court Judge

Unpublished Opinion No. 2012-UP-073
 Submitted February 1, 2012  Filed
February 8, 2012    

REVERSED AS MODIFIED

 
 
 
 William Cory Hughes, of Greenville, for
 Appellant.
 Kimberly Renae Welchel, of Walhalla, for
 Respondent.
 John Frederic Prescott, Jr., of Walhalla,
 for Guardians ad Litem.
 
 
 

PER CURIAM:  J.W.
 appeals the family court's permanency planning order, arguing the family court
 erred in refusing to return her twelve-year-old grandson (Child) to her custody
 and in adopting a concurrent permanency plan of termination of parental rights. 
 We agree and reverse.[1]
On appeal from the family
 court, this court reviews factual and legal issues de novo.  Simmons v.
 Simmons, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); see also Lewis
 v. Lewis, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  "In appeals
 from the family court, the appellate court has the authority to find the facts
 in accordance with its view of the preponderance of the evidence."  Ex
 parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "If the
 court determines at the permanency planning hearing that the child may be
 safely maintained in the home in that the parent has remedied the conditions
 that caused the removal and the return of the child to the child's parent would
 not cause an unreasonable risk of harm to the child's life, physical health,
 safety, or mental well-being, the court shall order the child returned to the
 child's parent."  S.C. Code Ann. § 63-7-1700(D) (Supp. 2010).  
We find the preponderance of
 the evidence supports returning Child to J.W.'s custody as there is no
 unreasonable risk of harm.  The examining psychologist and the Guardians ad
 Litem testified they believe it is unsafe for Child to return to J.W.'s custody
 primarily because of the potential for an incident in which she becomes
 disabled due to her health concerns and is unable to care for Child.  We find these
 concerns to be speculative and based on J.W.'s general condition and one unique
 incident involving an adverse medication reaction.  The potential for any such
 incident is further reduced by the fact that several members of J.W.'s family live
 nearby, J.W. has a home health aide who is at her home approximately
 forty-eight hours a week, and J.W. has a lifeline alert device linking her to
 the hospital.  The psychologist testified J.W. was able to care for Child's
 daily needs and, furthermore, Child has regularly spent extended periods of
 time at J.W.'s home without incident.  Moreover, no one involved has doubted
 that J.W. provides a loving home for Child and any threat of harm to Child is
 speculative and not unreasonable.  Furthermore, in our view, returning Child to
 J.W.'s custody is in Child's best interest and would achieve permanence in
 Child's life.  See S.C. Dep't of Soc. Servs. v. Smith, 343 S.C. 129,
 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (holding the best interests of the
 child are the paramount consideration).  In sum, we believe the preponderance
 of the evidence supports returning Child to J.W.'s home and order the
 Department of Social Services to continue providing supervision and services
 for six months from the date of filing of this opinion.  In addition, the
 Guardians ad Litem shall continue to monitor the situation for six months from
 the date of filing of this opinion.
Our determination on the
 initial issue is dispositive; thus, we decline to address any remaining
 issues.  See Futch
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d
 591, 598 (1999) (holding this court need not review remaining issues on appeal
 when its determination of a prior issue is dispositive).
REVERSED AS
 MODIFIED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.